**In the Matter of J.L., a Child, Appellant.**

**No. 13–83–064–CV.**

Court of Appeals of Texas,
Corpus Christi.

June 30, 1983.

John Peterson, Beeville, for appellant.

Tom Bridges, Dist. Atty., Sinton, for appellee.

Before NYE, C.J., and YOUNG and KENNEDY, JJ.

## OPINION

NYE, Chief Justice.

J.L., a minor, appeals from an order committing him to the custody of the Texas Youth Council.

On March 2, 1982, the 36th District Court of Bee County, sitting as a juvenile court, found that appellant had engaged in delinquent conduct by committing the offense of burglary of a habitation within the meaning of TEX.PENAL CODE ANN. § 30.-02(a)(1) (Vernon 1974). Pursuant to that finding, and after a disposition hearing on the matter, the trial court placed the appellant on probation for one year. TEX.FAM. CODE ANN. §§ 54.03, –.04 (Vernon 1975 and Vernon Supp.1982).

Subsequently, the State filed a petition to modify the earlier disposition on the grounds that the appellant had violated a condition of his probation by committing a second burglary on April 2, 1982. The hearing on the State's petition to modify disposition resulted in the order of which appellant now complains.

In his first point of error, appellant argues that the trial court's order of commitment is unreasonable. TEX.FAM.CODE ANN. § 54.05(f) (Vernon 1975) provides:

"A disposition based on a finding that the child engaged in delinquent conduct may be modified so as to commit the child to the Texas Youth Council if the court, after a hearing to modify disposition, finds beyond a reasonable doubt that the child violated a reasonable and lawful order of the court."

■ The juvenile courts are vested with a great amount of discretion in determining suitable disposition of children who have been found to have engaged in delinquent conduct. This is especially so on hearings to modify disposition. See: *In the Matter of P.A.O.*, 530 S.W.2d 902, 903 (Tex.Civ. App.—Houston [1st Dist.] 1975, no writ); *Echols v. State*, 481 S.W.2d 160 (Tex.Civ. App.—Houston [14th Dist.] 1972, no writ).

■ The condition of his probation which appellant was alleged to have violated commanded that he "commit no offense against the laws of the State of Texas or of any other state or of the United States." This was unquestionably a "reasonable and lawful order of the court." After due admonishments of the consequences, appellant pleaded true to the allegations contained in the State's petition to modify and further signed a stipulation of evidence in which he admitted such allegations. The trial court was justified in finding that beyond a reasonable doubt that the appellant had committed the offense alleged in violation of the terms of his probation.

The sole case relied upon by the appellant, *In re D.E.P.*, 512 S.W.2d 789 (Tex.Civ. App.—Houston [14th Dist.] 1974, no writ), is completely inapposite. In that case, the Court of Civil Appeals held the trial court's commitment order to be unreasonable for three reasons: 1) there was insufficient evidence to show beyond a reasonable doubt that the youth had committed one of the alleged probation violations; 2) the second alleged violation was due to circumstances beyond the youth's control; and 3) the Family Code expressly prohibits commitment to the T.Y.C. as an original disposition for minors found to have engaged in the type of conduct which formed the violations of the defendant's probation. See TEX. FAM.CODE ANN. §§ 51.03(a)(2), (b)(2), (3) and 54.04(g) (Vernon 1975 and Vernon Supp.1982). None of these situations exist in the case before us. No abuse of discretion by the trial court has been shown. Point of error number one is overruled.

■ In his second point of error, appellant contends that the trial court failed to conduct a sufficient hearing to determine beyond a reasonable doubt that he had violated a reasonable and lawful order of the court. Section 54.05(f), *supra*. It has been held that a modification of disposition under section 54.05 of the Family Code requires an evidentiary hearing and cannot be the subject of summary judgment procedure. *State v. L.J.B.*, 561 S.W.2d 547 (Tex. Civ.App.—Dallas 1978, no writ). In this case, that requirement was fully satisfied by appellant's plea of "true" and the stipu-

lation of evidence which was received into evidence by the trial court. We find the plea and stipulation to be analogous to a judicial confession of guilt by which appellant is now bound. See *Dinnery v. State,* 592 S.W.2d 343, 352 (Tex.Cr.App.1980) and *Harper v. State,* 148 Tex.Cr.R. 354, 187 S.W.2d 570, 571 (1945). Appellant's second point of error is also overruled.

The judgment of the trial court is affirmed.