TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-99-00294-CV







In the Matter of C.L.L.








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT


NO. J-16,598, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING







 This is an appeal of a juvenile court's order modifying disposition and committing
C.L.L. to the Texas Youth Commission (TYC). In a single issue, C.L.L. contends that the
juvenile court erred in committing him to TYC because the evidence was factually insufficient to
show that all reasonable efforts to prevent his placement outside the home had been exhausted. 
Because the juvenile court was not required to make this finding to modify C.L.L.'s disposition,
there was no error. Consequently, we will affirm.


BACKGROUND


 On November 18, 1997, the juvenile court adjudicated C.L.L. delinquent for
engaging in criminal mischief. See Tex. Penal Code Ann. § 28.03 (West 1994). In the
disposition hearing held that same day, the juvenile court found that it was in the best interest of
the child and of society to place C.L.L. on probation in the custody of his mother for one year. 
Six months later, C.L.L. violated the terms of his probation. Consequently, the juvenile court
entered an agreed order modifying probation and ordering C.L.L. to remain on probation in the
custody of the Leadership Academy until May 31, 1999.

 Subsequently, on March 3, 1999, the State filed a motion to modify C.L.L.'s
disposition, alleging that C.L.L. had again violated his probation by failing to obey the staff at
the Leadership Academy. (1) The State asked the juvenile court to commit C.L.L. to TYC. At a
hearing held April 1, 1999, C.L.L. pleaded "true" to the State's allegation, and the juvenile court
found that C.L.L. had violated the court's order as alleged by the State. After hearing testimony
regarding C.L.L.'s disposition, the juvenile court ordered that C.L.L. be committed to TYC, but
suspended the commitment on the condition that C.L.L. progress to Phase II in the Leadership
Academy program by the next review hearing. The juvenile court's explicit goal was to give
C.L.L. another chance to avoid TYC and return to the community. The case was set for review
on April 22, 1999, at which time the juvenile court would evaluate C.L.L.'s progress.

 Three weeks later at the April 22nd hearing, the juvenile court found that C.L.L.
had failed to progress in the program as ordered. Thus, the juvenile court revoked C.L.L.'s
probation, re-instituted its original order, and committed C.L.L. to TYC.


DISCUSSION


 C.L.L. argues that the juvenile court erred in committing him to TYC because the
court's finding that all reasonable efforts were made to prevent or eliminate the need for his
removal from the home and make it possible for him to return home was not supported by
factually sufficient evidence. However, C.L.L.'s argument is misplaced because a juvenile court
is not required to make this finding when it commits a child to TYC under an order modifying
the child's disposition. See In re M.A.L., 995 S.W.2d 322, 324 (Tex. App.--Waco 1999, no pet.);
In re H.G., 993 S.W.2d 211, 214 (Tex. App.--San Antonio 1999, no pet.); see also Tex. Fam.
Code Ann. § 54.05(f) (West Supp. 2000).

 Section 54.04(i) of the Texas Family Code requires that certain determinations be
made before a child is placed on probation outside his home or is committed to TYC.


If the court places the child on probation outside the child's home or commits the
child to the Texas Youth Commission, the court shall include in its order its
determination that: (1) it is in the child's best interests to be placed outside the
home; (2) reasonable efforts were made to prevent or eliminate the need for the
child's removal from the home and to make it possible for the child to return to the
child's home; and (3) the child, in the child's home, cannot be provided the quality
of care and level of support and supervision that the child needs to meet the
conditions of probation.



Tex. Fam. Code Ann. § 54.04(i) (West Supp. 2000). However, this section only governs original
dispositions. See H.G., 993 S.W.2d at 214. When a court modifies a disposition, section 54.05
of the Texas Family Code controls what the court must find before it may enter a modification
committing the child to TYC. See Tex. Fam. Code Ann. § 54.05 (West 1996); see also M.A.L.,
995 S.W.2d at 324; H.G., 993 S.W.2d at 214. Because C.L.L. appeals the April 22, 1999 order
modifying disposition, the requirements of section 54.05 of the Texas Family Code control. See
M.A.L., 995 S.W.2d at 324; H.G., 993 S.W.2d at 214.

 Section 54.05(f) provides: 


a disposition based on a finding that the child engaged in delinquent conduct may
be modified so as to commit the child to the Texas Youth Commission if the court
after a hearing to modify disposition finds by a preponderance of the evidence that
the child violated a reasonable and lawful order of the court.



Tex. Fam. Code Ann. § 54.05(f) (emphasis added). Under this section, the court is not
constrained by the requirements of section 54.04(i) when it commits a child to TYC. See M.A.L.,
995 S.W.2d at 324; H.G., 993 S.W.2d at 214. Rather, the court must only find that the child
violated a reasonable and lawful order of the court. See Tex. Fam. Code Ann. § 54.05(f).
Therefore, the relevant issue in reviewing a modification order that commits a child to TYC is not
the court's finding that reasonable efforts were expended to keep the child inside the home as
C.L.L. contends. Instead, we must review the court's finding that the child violated a reasonable
and lawful court order, which C.L.L. admitted when he pleaded "true" to the allegations in the
State's motion.

 C.L.L. asks us to review the court's decision under a pure factual sufficiency
standard. We decline to do so. We have previously held that absent a finding of abuse of
discretion, we will not disturb a juvenile court's findings. See In re M.S., 940 S.W.2d 789, 791
(Tex. App.--Austin 1997, no writ); In re C.C., 930 S.W.2d 929, 930 (Tex. App.--Austin 1996, no
writ). Furthermore, it has also been established that juvenile courts are vested with a great
amount of discretion in determining the suitable disposition of children found to have engaged in
delinquent conduct, especially in hearings to modify disposition. See M.A.L., 995 S.W.2d at 324;
In re J.L., 664 S.W.2d 119, 120 (Tex. App.--Corpus Christi 1983, no writ). Thus, the proper
standard of review of a court order modifying a juvenile's disposition is abuse of discretion. See
M.A.L., 995 S.W.2d at 324; J.L., 664 S.W.2d at 120.

 The proper question here, then, is whether the record shows that the juvenile court
abused its discretion in finding by a preponderance of the evidence that C.L.L. violated a
reasonable and lawful order of the court. See M.A.L., 995 S.W.2d at 324; H.G., 993 S.W.2d at
214. In this case, the reasonable and lawful order of the court was the terms and conditions of
C.L.L.'s probation. The juvenile court ordered C.L.L. to obey the staff at the Leadership
Academy. There is no dispute that C.L.L. did not comply with this term of his probation. 
C.L.L. pleaded "true" to the allegation that he had violated probation by failing to obey the staff
at the Leadership Academy. This plea of true is sufficient to support by a preponderance of the
evidence the court's finding that the probation violation was committed. See M.A.L., 995 S.W.2d
at 324; J.L., 664 S.W.2d at 120-21. Therefore, we hold that the juvenile court did not abuse its
discretion in finding that C.L.L. violated a reasonable and lawful order of the court. Thus, the
juvenile court was authorized to commit C.L.L. to TYC. See Tex. Fam. Code Ann. § 54.05(f).


CONCLUSION


 We affirm the juvenile court's modification of disposition committing C.L.L. to
TYC.


 

 Mack Kidd, Justice

Before Justices Jones, Kidd and Patterson

Affirmed

Filed: March 2, 2000

Do Not Publish
1. In fact, C.L.L. was discharged from the Leadership Academy on February 26, 1999,
without successfully completing the program because he was disruptive and attempted to assault
his peers.



conditions of probation.



Tex. Fam. Code Ann. § 54.04(i) (West Supp. 2000). However, this section only governs original
dispositions. See H.G., 993 S.W.2d at 214. When a court modifies a disposition, section 54.05
of the Texas Family Code controls what the court must find before it may enter a modification
committing the child to TYC. See Tex. Fam. Code Ann. § 54.05 (West 1996); see also M.A.L.,
995 S.W.2d at 324; H.G., 993 S.W.2d at 214. Because C.L.L. appeals the April 22, 1999 order
modifying disposition, the requirements of section 54.05 of the Texas Family Code control. See
M.A.L., 995 S.W.2d at 324; H.G., 993 S.W.2d at 214.

 Section 54.05(f) provides: 


a disposition based on a finding that the child engaged in delinquent conduct may
be modified so as to commit the child to the Texas Youth Commission if the court
after a hearing to modify disposition finds by a preponderance of the evidence that
the child violated a reasonable and lawful order of the court.



Tex. Fam. Code Ann. § 54.05(f) (emphasis added). Under this section, the court is not
constrained by the requirements of section 54.04(i) when it commits a child to TYC. See M.A.L.,
995 S.W.2d at 324; H.G., 993 S.W.2d at 214. Rather, the court must only find that the child
violated a reasonable and lawful order of the court. See Tex. Fam. Code Ann. § 54.05(f).
Therefore, the relevant issue in reviewing a modification order that commits a child to TYC is not
the court's finding that reasonable efforts were expended to keep the child inside the home as
C.L.L. contends. Instead, we must review the court's finding that the child violated a reasonable
and lawful court order, which C.L.L. admitted when he pleaded "true" to the allegations in the
State's motion.

 C.L.L. asks us to review the court's decision under a pure factual sufficiency
standard. We decline to do so. We have previously held that absent a finding of abuse of
discretion, we will not disturb a juvenile court's findings. See In re M.S., 940 S.W.2d 789, 791
(Tex. App.--Austin 1997, no writ); In re C.C., 930 S.W.2d 929, 930 (Tex. App.--Austin 1996, no
writ). Furthermore, it has also been established that juvenile courts are vested with a great
amount of discretion in determining the suitable disposition of children found to have engaged in
delinquent conduct, especially in hearings to modify disposition. See M.A.L., 995 S.W.2d at 324;
In re J.L., 664 S.W.2d 119, 120 (Tex. App.--Corpus Christi 1983, no writ). Thus, the proper
standard of review of a court order modifying a juvenile's disposition is abuse of discretion. See
M.A.L., 995 S.W.2d at 324; J.L., 664 S.W.2d at 120.

 The proper question here, then, is whether the record shows that the juvenile court
abused its discretion in finding by a preponderance of the evidence that C.L.L. violated a
reasonable and lawful order of the court. See M.A.L., 995 S.W.2d at 324; H.G., 993 S.W.2d at
214. In this case, the reasonable and lawful order of the court was the terms and conditions of
C.L.L.'s probation. The juvenile court ordered C.L.L. to obey the staff at the Leadership
Academy. There is no dispute that C.L.L. did not comply with this term of his probation. 
C.L.L. pleaded "true" to the allegation that he had violated probation by failing to obey the staff
at the Leadership Academy. This plea of true is sufficient to support by a preponderance of the
evidence the court's finding that the probation violation was committed. See M.A.L., 995 S.W.2d
at 324; J.L., 664 S.W.2d at 120-21. Therefore, we hold that the juvenile court did not abuse its
discretion in finding that C.L.L. violated a reasonable and lawful order of the court. Thus, the
juvenile court was authorized to commit C.L.L. to TYC. See Tex. Fam. Code Ann. § 54.05(f).


CONCLUSION


 We affirm the juvenile court's modification of disposition committing C.L.L. to
TYC.


 

 Mack Kidd, Justice

Before Justices Jones, Kidd and Patterson

Affirmed

Filed: