**In the Matter of J.M., III.**

No. 13–02–139–CV.

Court of Appeals of Texas, Corpus Christi–Edinburg.

Oct. 23, 2003.

Azalea Aleman Guerra, Aleman & Aleman, and Rolando Garza, McAllen, for Appellant.

Jason E. McMurry, Asst. Dist. Atty., Jason Sims, Hidalgo County District Attorney's Office, Edinburg, for Appellee.

Romeo Perez, Edinburg, for ad litem.

Before Chief Justice VALDEZ and Justices RODRIGUEZ and DORSEY.[1]

---

**OPINION**

Opinion by Chief Justice VALDEZ.

Appellant, J.M., III, appeals from the juvenile court's modified order of disposition committing him to the Texas Youth Commission. Through four issues appellant argues: (1) the evidence presented was legally insufficient to support the trial court's findings that he violated the terms of his probation; (2) the evidence was also factually insufficient; (3) the trial court erred in allowing a witness to testify; and (4) appellant received ineffective assistance of counsel. Because we conclude the evidence presented was legally insufficient to support the trial court's findings, we need not address appellant's remaining contentions. *See* TEX.R.APP. P. 47.1. We reverse and render judgment in appellant's favor.

### I. FACTS AND PROCEDURAL HISTORY

In September 2000, the court entered a judgment of adjudication and disposition in cause number J–323–00–A, finding appellant had engaged in delinquent conduct. Appellant was placed on probation in his father's custody until his eighteenth birthday subject to numerous conditions.

On December 4, 2000, appellant was again found to have engaged in delinquent conduct under cause number J–491–00–A. The court placed appellant on probation in that case.

On June 25, 2001, the court modified the dispositions in both cases, imposing probation in each to be served concurrently. The orders also imposed identical conditions of probation in the two cases. Relevant to this appeal are conditions number one and number thirteen.

---

1. Retired Justice J. Bonner Dorsey, who had been assigned to this Court by the Supreme Court of Texas pursuant to section 74. 003 of the government code, and whose assignment expired on August 31, 2003, did not participate in this decision. See TEX. GOV'T ANN. § 74.003 (Vernon 1998).

Condition number one required appellant to:

1. Remain and stay in the custody of Bokenkamp Children's Treatment Center ... during the said probationary period, or until further orders of the court.
 a. Upon successful completion of program, the custody be given back to his parent(s)....
 b. Upon unsuccessful termination from program, the custody be given back to the Hidalgo County Juvenile Probation Department, Edinburg, Texas.

Condition number thirteen required appellant to pay restitution in the amount of $456.99, payable in monthly installments of $38.08 beginning in July 2001.

On August 23, 2001, the State filed a motion in each case to modify the disposition. In the motions, the State contended appellant violated condition number one by being "wilfully[,] unsuccessfully discharged" from Bokenkamp. The State later amended its motions to include an allegation that appellant violated condition number thirteen by failing to make the first two scheduled payments.

On October 1, 2001, the court held a hearing on both motions. During the adjudication phase of the hearing, Alma Nely Ozuna, appellant's probation officer, testified that appellant was unsuccessfully terminated from Bokenkamp on August 9. Ozuna said he did not run away from Bokenkamp. Rather, he was transported by the Probation Department from Bokenkamp to the Juvenile Detention Center.

Ozuna also testified appellant did not make any restitution payments. She stated appellant was thirteen at the time and not able to legally work. She also stated that neither Bokenkamp nor the Juvenile Detention Center had any programs that would have allowed appellant to earn credit toward the payment of the monetary restitution. She said appellant's father was not consistent in providing support for appellant, and his mother was both ill and unemployed. As far as she was aware, appellant had no funds with which to make the restitution payments.

At the conclusion of the adjudication phase, the court found appellant violated condition number one. The court also found appellant wilfully failed to make the first two scheduled restitution payments in violation of condition number thirteen. After hearing additional evidence during the disposition phase of the hearing, the court stated probation and at-home placement were unsatisfactory and entered an order in each case modifying the disposition and placing appellant in the care, custody, and control of the Texas Youth Commission.

This appeal arises from the judgment entered in cause number J–323–00–A. The judgment entered in cause number J–491–00–A is the subject of a separate, but identical, appeal.[2]

## II. ANALYSIS

In his first issue, appellant challenges the legal sufficiency of the evidence presented. He attacks the juvenile court's determination that he failed to remain in the custody of Bokenkamp and wilfully failed to pay restitution.

### A. Standard of Review

 We review a trial court's modification of a juvenile disposition for abuse of discretion. *In re J.G.*, 112 S.W.3d 256, 259

---

**2.** See *In re J.M., III*, No. 13–02–00140–CV, 2003 WL 22417198 (Tex.App.-Corpus Christi 2003, no pet. h.).

(Tex.App.-Corpus Christi 2003, no pet.); *In re H.G.*, 993 S.W.2d 211, 213 (Tex.App.-San Antonio 1999, no pet.); *In re J.L.*, 664 S.W.2d 119, 120 (Tex.App.-Corpus Christi 1983, no writ). In this type of review, we conduct a two-pronged analysis: (1) did the trial court have sufficient evidence on which to exercise its discretion; and (2) did the trial court err in applying its discretion. *In re L.R.*, 67 S.W.3d 332, 338 (Tex.App.-El Paso 2001, no pet.).

■■■ In considering the first prong, we turn to the standards employed in determining the sufficiency of the evidence. *Id.* When a juvenile challenges the legal sufficiency of the evidence, we consider only the evidence and inferences that tend to support the challenged finding, and disregard any and all evidence and inferences to the contrary. *In re H.G.*, 993 S.W.2d at 213. If more than a scintilla of evidence exists to support the finding, the challenge fails. *In re L.R.*, 67 S.W.3d at 338. In evaluating the second prong, that is, whether the trial court erred in its application of discretion, we consider whether the trial court acted arbitrarily or unreasonably, or without reference to guiding rules or principles. *Id.*

### B. Modification of the Disposition

A juvenile court may modify its prior disposition and order that the juvenile be committed to the Texas Youth Commission if the court finds by a preponderance of the evidence "that the child violated a reasonable and lawful order of the court." Tex. Fam.Code Ann. § 54.05(f) (Vernon 2002).

#### 1. Condition Number One

■■■ Appellant first attacks the order modifying the disposition by claiming there is no evidence showing he violated condition one. Condition number one required appellant to "remain and stay" at Bokenkamp.

The State provided no evidence that appellant voluntarily violated condition number one. Ozuna testified appellant did not run away from the facility. Rather, according to Ozuna's testimony, law enforcement authorities transported appellant from Bokenkamp to another location after appellant was unsuccessfully terminated from the program.

The State contends that because appellant was unsuccessfully terminated from the program, he violated subpart (b) of condition one, which states appellant will be returned to the custody of the Juvenile Probation Department upon unsuccessful termination from the program. The State's argument fails because the only condition imposed by number one is that appellant "remain and stay" at Bokenkamp. Subpart (b) is not worded in such a manner as to make successful completion a condition of probation. Rather, the subpart merely explains the result of unsuccessful termination from the program.

We note that condition number twenty-one required appellant to comply with Bokenkamp's rules and regulations. Had the State wanted to pursue modification of the disposition based on appellant's unsuccessful termination from the program, condition number twenty-one would have been the more appropriate vehicle to accomplish that goal. However, the State did not allege or prove, and the trial court did not find, appellant violated condition number twenty-one.

We conclude the State provided no evidence supporting the trial court's finding that appellant violated condition number one. Thus, the trial court did not have sufficient evidence on which to exercise its discretion. *See In re L.R.*, 67 S.W.3d at 338.

#### 2. Condition Number Thirteen

■■■ Appellant also contends the evidence was insufficient to support the trial

court's finding that he wilfully failed to make restitution payments in violation of condition number thirteen. Appellant does not dispute the evidence showed he missed payments as required by the condition. However, he contends the evidence also affirmatively established his inability to pay and the State did not prove his failure to pay was intentional.

We have previously addressed the issue of revocation of juvenile probation for failure to pay court-ordered restitution in *In re M.H.*, 662 S.W.2d 764, 768 (Tex.App.-Corpus Christi 1983, no writ). In that case, we held the inability of a juvenile to pay restitution was an affirmative defense to the revocation of probation and the burden of proof was on the juvenile. *Id.* In reaching this conclusion, we relied on the code of criminal procedure regarding the revocation of probation in adult proceedings for failure to pay restitution. *Id.* (citing TEX. CODE CRIM. PROC. ANN. art. 42.12 § 8(c) (Vernon Supp.1982)).

■ Since our decision in *In re M.H.*, the court of criminal appeals has held that under the code of criminal procedure, even though the inability to pay is an affirmative defense, the State still has the burden of proving the failure to pay restitution was intentional. *Stanfield v. State*, 718 S.W.2d 734, 737–38 (Tex.Crim.App.1986). Failure to raise the defense merely allows the State to meet its burden without difficulty. *Id.* at 738. This is so because nonpayment by a person with the ability to pay gives rise to a strong inference that failure to pay was intentional. *Id.* We use the analysis in *Stanfield* as guidance in this case.

The State had the initial burden of proving appellant failed to make the required restitution payments. Through the testimony of Ozuna, the State met its burden.

However, appellant raised his inability to pay through the cross-examination of Ozuna. She testified appellant was not old enough to work. She also stated that he was either at Bokenkamp or the Juvenile Detention Center during the time the missed payments were due. Neither Bokenkamp nor the Juvenile Detention Center had a program giving appellant the opportunity to earn credit toward the payment of restitution. Ozuna also believed appellant had no access to funds and received only inconsistent support from his father. His mother was ill and unemployed.

The State did not provide any evidence contradicting Ozuna's testimony about appellant's inability to pay or showing that his failure to pay was intentional. The trial court did not have legally sufficient evidence on which to exercise its discretion. *See In re L.R.*, 67 S.W.3d at 338.

### III. CONCLUSION

The evidence supporting the findings that appellant violated conditions one and thirteen of his probation was legally insufficient. Therefore, the trial court abused its discretion in modifying the disposition. We sustain appellant's first issue and reverse the trial court's July 25, 2001 order. We render judgment denying the State's motion to modify the disposition.

Retired Justice DORSEY not participating.