NUMBER 13-04-00058-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

 

In the Matter of J.L.E., a Juvenile,                                                 Appellant.

 

      On appeal from the 156th District Court of Bee County,
Texas.

 

                       MEMORANDUM OPINION

 

    Before Chief Justice Valdez and Justices Hinojosa and
Rodriguez

                         Memorandum
Opinion by Justice Hinojosa

 

Appellant, J.L.E., a juvenile, appeals from
the juvenile court=s modified order of disposition requiring
his admission to a Texas Adjudicated Placement Service (TAPS) facility.  In two issues, J.L.E. contends (1) the
evidence is legally and factually insufficient to prove any violation of the
conditions of his probation, and (2) the evidence is legally and factually
insufficient to support his placement outside his home.  We affirm.

A.  Factual Background








On June 12, 2003, J.L.E. was adjudicated to
have engaged in delinquent conduct and placed on probation.  On September 11, 2003, the State filed a
motion to modify the disposition.  The
State alleged that on July 31, 2003, J.L.E. violated the conditions of his
probation by (1) violating a lawful court order and his curfew and (2)
intentionally fleeing from a peace officer who was attempting to arrest
him.  After a hearing on the motion, the
trial court found that J.L.E. had violated the conditions of his probation and
placed him on Intensive Supervision Probation.

On November 13, 2003, the State again moved
to modify the disposition.  The State
alleged that on September 26, 2003, J.L.E. violated the conditions of his
probation by (1) violating a lawful court order regarding Ainhalant paraphernalia use,@ (2) violating his curfew, and (3)
associating Awith other juveniles on parole using drugs.@ 
After a hearing on the motion, the trial court found that J.L.E. had
violated the conditions of his probation, remanded him to the custody of the
juvenile probation department, and ordered him admitted to the TAPS facility in
Carrizo Springs, Texas.

B.  Standard of Review








The trial court=s modification of a juvenile disposition is
reviewed under an abuse of discretion standard. 
In re J.M., III, 133 S.W.3d 721, 723-24 (Tex. App.BCorpus Christi 2003, no pet.); In re J.G.,
112 S.W.3d 256, 259 (Tex. App.BCorpus Christi 2003, no pet.).  Juvenile courts have been vested with great
discretion in determining the suitable disposition of children found to have
engaged in delinquent conduct, especially regarding hearings to modify
disposition.  In re J.M., 25
S.W.3d 364, 367 (Tex. App.BFort Worth 2000, no pet.); In re J.L.,
664 S.W.2d 119, 120 (Tex. App.BCorpus Christi 1983, no writ).         Under
an abuse of discretion standard, legal and factual insufficiency are relevant
factors in assessing whether the trial court abused its discretion.  In re A.E.E., 89 S.W.3d 250, 256 (Tex.
App.BTexarkana 2002, no pet.); In re J.S.,
993 S.W.2d 370, 372 (Tex. App.BSan Antonio 1999, no pet.).  In reviewing the legal sufficiency of the
evidence, we consider only the evidence and inferences that tend to support the
challenged finding and disregard any and all evidence and inferences to the
contrary.  In re J.M., III, 133
S.W.3d at 724.  If more than a scintilla
of evidence exists to support the finding, the challenge fails. Id.  In reviewing the factual sufficiency of the
evidence, we consider and weigh all the evidence in the case, and set aside the
judgment and remand for a new trial only if we conclude the finding is so
against the great weight and preponderance of the evidence that it is
manifestly unjust. Id.

C.  Violation of Conditions of Probation  

In his first issue, J.L.E. contends the
evidence is legally and factually insufficient to prove any violation of the
conditions of his probation. 
Specifically, J.L.E. argues that evidence of a violation of a condition
of probation that occurred before he was placed on Intensive Supervision
Probation is insufficient to revoke his probation.

The relevant inquiry under section 54.05(f)
of the family code is whether the child violated a reasonable and lawful order
of the court.  See Tex. Fam. Code Ann. ' 54.05(f) (Vernon Supp. 2004-05).  Therefore, the date of the offense giving
rise to the adjudication which the State is seeking to modify is irrelevant to
the trial court=s determination on a motion to modify a
disposition.








Furthermore, at the hearing on the State=s motion to modify disposition, J.L.E.
pleaded true to one of the three violations alleged by the State.  A defendant=s plea of true to an alleged violation is
sufficient to support the revocation.  See
In re K.B., 106 S.W.3d 913, 915 (Tex. App.BDallas 2003, no pet.).  When more than one violation is alleged,
proof of any one of them is sufficient to support the revocation.  Moore v. State, 605 S.W.2d 924, 926 (Tex.
Crim. App. 1980). 

D.  Placement Outside of Home

In his second issue, J.L.E. contends the
evidence is legally and factually insufficient to support the trial court=s order that he be placed outside his home,
at a TAPS facility.

Although section 54.04 of the family code
clearly indicates a preference that a child given probation remain in his home,
we note there are also provisions allowing a child placed on probation to be
removed from the home.  See Tex. Fam. Code Ann. ' 54.04(c), (d) &  (I) (Vernon Supp. 2004-05).








The trial court stated the following reasons
for placing J.L.E. outside the home:  (1)
J.L.E. has previously been found to engage in delinquent conduct; (2) J.L.E.
has a history of engaging in delinquent conduct; (3) J.L.E. is in need of
additional structure and supervision, which probation services can provide; (4)
J.L.E. will benefit from in-patient treatment from the TAPS boot camp facility;
and (5) placing J.L.E. on official probation and in boot camp is in his and the
community=s best interest.  The trial court also found that the following
reasonable efforts had been made to prevent or eliminate the need for J.L.E. to
be removed from his home and to make it possible for his return to the
home:  (1) J.L.E. has previously been
placed on deferred prosecution; (2) J.L.E. has been placed on official
probation; (3) J.L.E. has been provided with detention services; (4) J.L.E. has
been provided with random drug screens; (5) J.L.E. has been placed on the
Electronic Monitor Surveillance Program and the Intensive Supervision Probation
Program; (6) J.L.E. has received a psychological evaluation; and (7) J.L.E. has
received outpatient substance abuse services. 
The trial court concluded that J.L.E. could not be provided the quality
of care and level of support and supervision in his home that he needed to meet
the conditions of probation.  See Tex. Fam. Code Ann. ' 54.04(c) (Vernon Supp. 2004-05).

E.  Conclusion

After reviewing the entire record, we
conclude that more than a scintilla of evidence exists to support the trial
court=s finding (1) that J.L.E had violated the
conditions of his probation and (2) that he be removed from his home.   We further conclude that the trial court's
findings are not so against the great weight and preponderance of the evidence
that they are manifestly unjust. 
Accordingly, we hold the trial court did not abuse its discretion in (1)
finding a violation of the conditions of probation and (2) removing J.L.E. from
his home and placing him in the TAPS facility. 
Appellant=s first and second issues are overruled.

The judgment of the trial court is affirmed.

 

FEDERICO G. HINOJOSA

Justice

 

 

Memorandum
Opinion delivered and filed this

the
14th day of July, 2005.