NUMBER
13-04-397-CV

                                 COURT OF
APPEALS

                     THIRTEENTH DISTRICT OF
TEXAS

                         CORPUS CHRISTI B EDINBURG

 

 

IN THE MATTER OF
K.L.S., A CHILD

 

 

                        On appeal from the
County Court

                                        of
Aransas County, Texas.

 

 

                                M E M O R A N D
U M   O P I N I O N

 

     Before Chief
Justice Valdez and Justices Hinojosa and Rodriguez

Opinion
by Chief Justice Valdez

 

 

Appellant, K.L.S., appeals a court order modifying
his disposition by committing him to the Texas Youth Commission.  He raises claims of failure to admonish and
abuse of discretion.  We affirm the
judgment of the trial court.

I.  Facts and
Procedural History








Appellant is a child with a history of delinquent
conduct, has an I.Q. of 80, and reads at the fourth grade level.  He was fourteen years old at the time of the
modification hearing.

After pleading true to allegations of delinquent
conduct, appellant was placed on probation. 
One of the conditions of his probation was that he enroll in Adams
House, a residential substance abuse treatment facility in Beaumont.  Adams House discharged appellant from the
facility for failure to follow its rules. 
Upon the State=s motion, the court held a modification hearing  with appellant, his attorney, and his mother
present.  The court asked appellant how
he pled to the allegations in the State=s motion to modify. 
He pled true.

The trial court found appellant had violated his
probation and committed him to the Texas Youth Commission.  The court listed several reasons commitment
was in the best interest of appellant, including a need for 24-hour
supervision, substance abuse treatment in a secure facility, and behavior
modification therapy.  The court further
found appellant=s home could not provide Athe quality of care and level of support and
supervision@ he needed to meet the conditions of probation.

II.  Failure
to Admonish

In his first issue, appellant claims the trial court
committed a fundamental error by failing to admonish him, as required by
statute, of the direct consequences that would result if he pled true.  Appellant cites Texas Family Code section
54.03(b), which requires a juvenile court judge in an adjudication hearing to
explain to the child and his parent the allegations, the nature and possible
consequences of the proceedings, and his rights and privileges.  See Tex.
Fam. Code Ann. ' 54.03(b) (Vernon Supp. 2004-05).  However, as noted in appellant=s brief, the hearing was a modification hearing, not
an adjudication hearing.  








Modification hearings are governed by section 54.05,
which does not enumerate the same requirements as those set out in section
54.03(6) for a  juvenile court
judge.  See Tex. Fam. Code Ann. ' 54.05 (Vernon Supp. 2004-05).  We find persuasive authority from our sister
courts of appeal that the admonishments required by section 54.03 do not apply
to modification hearings.  See In re
S.J., 940 S.W.2d 332, 334 (Tex. App.BSan Antonio 1997, no writ) (AS.J. concedes that there is no requirement that the
admonishments required for acceptance of guilty pleas be given at a hearing on
a motion to modify, because the original admonitions from the adjudication
hearing carry over into the disposition.@); Murphy v. State, 860 S.W.2d 639, 643 (Tex.
App.BFort Worth 1993, no writ) ("The hearing to
modify disposition is not a new adjudication of delinquency under
54.03.").  Appellant does not
complain the trial court failed to satisfy the requirements of the applicable
section, section 54.05.

We therefore find no fundamental error as claimed by
appellant.  This issue is overruled.

III.  Abuse of
Discretion

In his second issue, appellant claims the trial
court abused its discretion in ordering him to be committed to the Texas Youth
Commission.  A juvenile court may modify
its prior disposition and order that the juvenile be committed to the Texas Youth
Commission if the court finds by a preponderance of the evidence "that the
child violated a reasonable and lawful order of the court."  Tex.
Fam. Code  Ann. ' 54.05(f) (Vernon 2004).  

The standard of review for a trial court's
modification of a juvenile disposition is abuse of discretion.  In re J.G., 112 S.W.3d 256, 259 (Tex.
App.BCorpus Christi 2003, no pet.).  The analysis for abuse of discretion has two
prongs:  (1) whether the trial court had
sufficient evidence with which to exercise its discretion; and (2) whether the
trial court erred in applying its discretion. 
In re J.M., 133 S.W.3d 721, 724 (Tex. App.BCorpus Christi 2003, no pet.).  In evaluating whether the trial court abused
its discretion, we consider whether the trial court acted arbitrarily,
unreasonably, or without reference to guiding rules or principles.  Id. 








The first prong is uncontested.  Appellant admitted that he violated a
reasonable and lawful order of the court by violating the provisions of his
probation; therefore, the trial court had sufficient evidence with which to
exercise its discretion under section 54.05(f). 
Appellant alleges, however, that the trial court erred in applying its discretion
by considering factors that were either erroneous or irrelevant.  We must therefore determine whether the trial
court violated the second prong by acting arbitrarily, unreasonably, or without
reference to guiding rules or principles. 
In re J.M., 133 S.W.3d at 724.

First, appellant claims the trial court erred in
reciting in the record that appellant had eleven referrals.  Appellant notes that three of those referrals
were dismissed and one should not be counted against him because he was granted
deferred adjudication and had successfully completed his probation.  Even discounting those four, appellant is
left with seven referrals, which still constitutes a significant juvenile
record.  Appellant does not argue the
result would have been different if the court regarded him as having seven
referrals instead of eleven.

Second, the trial court noted in the record that
appellant=s parents had failed to make any payments on their
court-ordered obligations.  Appellant
asserts this statement makes apparent the court=s
impermissible and inappropriate consideration of his parents= deficiency in committing him to the Texas Youth
Commission.  We find this argument
unpersuasive.  In the order modifying
disposition to the Texas Youth Commission, the court listed several reasons why
it would be in the best interests of the child to be committed.  None of those reasons mention the parents= non-payment of court-ordered obligations.








Third, appellant complains that the State directed
the court=s attention to a statement by appellant=s mother that he had been out of control at
times.  Appellant urges that statement
should be read in conjunction with another statement wherein the mother said
she was unable to give appellant his medication for emotional and behavioral
problems because appellant=s brother would steal and abuse the medication.  Appellant does not explain how his mother=s failure to provide him prescribed medication could
in any way ameliorate her argument that the court erred in placing appellant in
the Texas Youth Commission.  Instead, it
only strengthens the State=s case that appellant should be in a facility that
can better attend to his needs.

We hold the court did not act arbitrarily,
unreasonably, or without reference to guiding rules or principles, and
therefore did not abuse its discretion.  In
re J.M., 133 S.W.3d at 724.  This
issue is overruled.

IV. 
Conclusion

We affirm the judgment of the trial court.

 

 

 

                                           

Rogelio Valdez,

Chief Justice

 

 

 

 

Memorandum
Opinion delivered and filed

this
18th day of August, 2005.