67 S.W.3d 332 (2001)
In the Matter of L.R., a Juvenile.
No. 08-01-00095-CV.
Court of Appeals of Texas, El Paso.
December 13, 2001.
*334 Penny Lee Andersen, Assistant Public Defender, M. Clara Hernandez, El Paso County Public Defender, El Paso, for appellant.
Jose R. Rodriguez, County Attorney, Lisa Aceves Hayes, El Paso, for appellee.
Before Panel No. 1: LARSEN, McCLURE, and CHEW, JJ.

OPINION
ANN CRAWFORD McCLURE, Justice.
L.R., a juvenile, appeals from an order modifying disposition and judgment committing him to the Texas Youth Commission. We affirm.

FACTUAL SUMMARY
In April of 1998, L.R. carried a switchblade knife onto the premises of an El Paso middle school and displayed it during a confrontation with another individual. The State filed a petition alleging that L.R. engaged in delinquent conduct by intentionally, knowingly, and recklessly carrying a switchblade knife onto the premises of an El Paso middle school. L.R. waived various rights, including his right to a jury trial, and admitted that he had committed the offense alleged in the petition. Based on L.R.'s admission, the juvenile court referee entered an adjudication order. Following a disposition hearing, the juvenile court placed L.R. on juvenile probation.
During the course of the next two years, L.R. committed new offenses and violated the terms and conditions of probation. Consequently, the juvenile court modified the terms and conditions of probation and placed him on electronic monitoring. Eventually, the juvenile court placed L.R. on intensive supervised probation in August of 2000. After L.R.'s alleged commission of aggravated assault with a knife, the State filed a petition to adjudicate. The *335 State also filed a motion to modify disposition, alleging that L.R. had violated the terms and conditions of probation by committing aggravated assault with a deadly weapon and by consuming alcohol. The State later amended the motion to modify disposition and alleged that L.R. violated probation by possessing an illegal knife and by consuming alcohol. Significant to this appeal, the State later dismissed its petition to adjudicate because L.R. had agreed to stipulate to the motion to modify. At the modification hearing, L.R. admitted that he had violated the terms and conditions of probation by carrying an illegal knife and by consuming alcohol. The juvenile court sustained the State's motion to modify and set the matter for a disposition hearing.
The juvenile probation department filed a disposition report with the trial court prior to the disposition hearing. Because the juvenile probation department had exhausted all of its resources in attempting to reintegrate L.R. back into society, the juvenile probation officer recommended that L.R. be committed to TYC. Following the disposition hearing, the juvenile court modified the prior disposition and committed L.R. to TYC. The disposition order contains the findings required by Tex.Fam. Code Ann. § 54.04(i)(Vernon Supp.2001) and it also contains reasons for the disposition as required by Tex.Fam.Code Ann. § 54.05(i).

SUFFICIENCY OF THE EVIDENCE
In two related issues, L.R. challenges the legal and factual sufficiency of the evidence to support the juvenile court's order committing him to TYC on the ground that other alternative placement programs would have better suited his individual needs. Thus, L.R. attacks the juvenile court's determination made pursuant to Section 54.05(i) that "no community-based intermediate sanction is available to adequately address the needs of the juvenile or to adequately protect the needs of the community." In making this argument, L.R. notes that the juvenile court was obligated to make the findings required by Section 54.04(i). He does not, however, challenge the sufficiency of the evidence supporting those findings. The State responds that since this is a modification of disposition, Section 54.05, rather than Section 54.04(i), governs this appeal, and therefore, it was unnecessary for the juvenile court to make the findings specified by that statute before committing L.R. to TYC. According to the State, the sole issue on appeal is whether the juvenile court abused its discretion in finding, by a preponderance of the evidence, that a violation of the conditions and terms of probation occurred. We must resolve the issue raised by the parties' arguments before examining the sufficiency of the evidence.

Relevant Statutes
Section 54.04(i) provides, in relevant part, as follows:
If the court ... commits the child to the Texas Youth Commission, the court shall include in its order its determination that:
(1) it is in the child's best interests to be placed outside the child's home;
(2) reasonable efforts were made to prevent or eliminate the need for the child's removal from the home and to make it possible for the child to return to the child's home; and
(3) the child, in the child's home, cannot be provided the quality of care and level of support and supervision that the child needs to meet the conditions of probation.
Tex.Fam.Code Ann. 54.04(i).
As the State notes, Section 54.05 governs modification of disposition, and it provides in pertinent part that:

*336 A disposition based on a finding that the child engaged in delinquent conduct that violates a penal law of this state or the United States of the grade of felony or, if the requirements of Subsection (j) are met,[1] of the grade of misdemeanor, may be modified so as to commit the child to the Texas Youth Commission if the court after a hearing to modify disposition finds by a preponderance of the evidence that the child violated a reasonable and lawful order of the court.
Tex.Fam.Code Ann. § 54.05(f).
At least three courts of appeals have held that the mandatory findings required by Section 54.04(i) are not a prerequisite to TYC commitment upon modification of a prior disposition. In re D.R.A., 47 S.W.3d 813, 814-15 (Tex.App.-Fort Worth 2001, no pet.); In re M.A.L., 995 S.W.2d 322, 324 (Tex.App.-Waco 1999, no pet.); In re H.G., 993 S.W.2d 211, 214 (Tex.App.-San Antonio 1999, no pet.). Pointing to Section 54.05(f), those courts have concluded that the only relevant inquiry in such a case is whether the child violated a reasonable and lawful order of the court. See In re D.R.A., 47 S.W.3d at 815; In re M.A.L., 995 S.W.2d at 324. Under this approach, a child who commits even a relatively minor violation of a trial court's probation order may be committed to TYC without any inquiry as to whether it is in the child's best interests to be placed outside of the home, whether reasonable efforts have been made to prevent or eliminate the child's removal from the home, or whether the child, in the child's home, cannot be provided with the quality of care and level of support and supervision that the child needs to meet the conditions of probation. See In re H.G., 993 S.W.2d at 214-15 (Rickhoff, J., concurring)(where juvenile violated probation order by failing to pay restitution, complete community service or attend counseling, the juvenile court committed child to TYC for being "sullen"). Such a construction completely fails to effectuate Title 3's stated purpose of preserving the family environment and separating a child from his parents only when necessary for the child's welfare or in the interest of public safety. See Tex.Fam. Code Ann. § 51.01(5)(Vernon 1996). For this reason alone, we question the validity of the holding in these three cases.
Further, D.R.A., M.A.L., and H.G. do not take into account Section 54.05(i)'s requirement that the juvenile court state in its order the reasons for modifying the disposition. See Tex.Fam.Code Ann. § 54.05(i). This provision mirrors Section 54.04(f)'s requirement that the juvenile court specifically state its reasons for the disposition. See Tex.Fam.Code Ann. § 54.04(f). Section 54.04(f) has been construed as requiring the juvenile court to articulate in the judgment clear, specific reasons for the disposition. In the Matter of A.G.G., 860 S.W.2d 160, 162 (Tex.App.-Dallas 1993, no writ); J.L.E. v. State, 571 S.W.2d 556, 557 (Tex.Civ.App.-Houston [14th Dist.] 1978, no writ); In the Matter of A.N.M., 542 S.W.2d 916, 919 (Tex.Civ. App.Dallas 1976, no writ). One reason underlying this requirement is that it furnishes a basis for the appellate court to determine whether the reasons recited are supported by the evidence and whether *337 they are sufficient to justify the order of disposition. In the Matter of K.L.C., 972 S.W.2d 203, 206 (Tex.App.-Beaumont 1998, no pet.); In the Matter of J.R., 907 S.W.2d 107, 110 (Tex.App.-Austin 1995, no writ); In the Matter of L.G., 728 S.W.2d 939, 944-45 (Tex.App.-Austin 1987, writ ref'd n.r.e.); In the Matter of N.S.D., 555 S.W.2d 807, 809 (Tex.Civ. App.El Paso 1977, no writ). Thus, error occurs if the juvenile court fails to comply with Section 54.04(f). See In the Matter of A.G.G., 860 S.W.2d at 162. If the only question on appeal is that raised by Section 54.05(f)whether the child violated a reasonable and lawful order of the courtand the child may not challenge the disposition on any other ground, then the Legislature's requirement in Section 54.05(i) that the trial court specifically state the reasons for disposition is rendered meaningless. Such a result is, of course, contrary to well established rules of statutory construction that a court must presume that the entire statute is intended to be effective. See Tex.Gov't Code Ann. § 311.021(2)(Vernon 1998); Helena Chemical Co. v. Wilkins, 47 S.W.3d 486, 493 (Tex.2001).
Because of the quasi-criminal nature of juvenile cases, there is a temptation to draw parallels between adult criminal procedure and the procedure specified in juvenile cases. In some instances, this is a valid approach. Although it is not articulated in D.R.A., M.A.L., or H.G. as a basis for the decisions, the holdings are consistent with the treatment of an adult offender who has been found to have violated the terms and conditions of probation. In such a case, the trial court's order revoking community supervision is reviewed for an abuse of discretion and the only issue on appeal is whether the evidence supports the finding that the defendant violated a term or condition of the order placing him on community supervision. See Becker v. State, 33 S.W.3d 64, 66-67 (Tex. App.El Paso 2000, no pet.). However, there is a critical distinction between revocation of community supervision under Article 42.12, sections 21 and 23[2] and modification of a juvenile's disposition, at least where the juvenile has been placed on probation inside of the home. In the former case, the adult defendant's punishment has already been assessed at a term of imprisonment. Thus, the defendant has already been afforded due process and other constitutional protections in both the adjudication of guilt and the assessment of punishment. At that point, the revocation hearing is merely an administrative proceeding and the defendant is properly afforded only minimal due process. See Becker, 33 S.W.3d at 65-66. A parallel simply cannot be drawn between an adult defendant whose community supervision has been revoked and the original punishment imposed, and a child whose disposition has been modified from juvenile probation inside of his home to commitment to TYC.
For all of these reasons, we respectfully decline to follow the reasoning of our sister courts. Instead, we find that a juvenile court which modifies disposition so as to place the child on probation outside of the child's home or to commit the child to the Texas Youth Commission must state sufficient reasons to justify such a decision. These reasons must include, but are not limited to, the findings stated in Section 54.04(i). On appeal, then, a juvenile may challenge both the juvenile court's finding that he violated a term or condition of probation and those reasons for disposition stated in the order pursuant to Sections 54.04(i) and 54.05(i).

*338 Standard of Review

L.R. argues that in reviewing the juvenile court's decision to modify we must employ the legal sufficiency standard of review applicable in criminal cases rather than the civil "no evidence" standard. The standard of review advocated by L.R. was first enunciated in Jackson v. Virginia, 443 U.S. 307, 320, 99 S.Ct. 2781, 2789-90, 61 L.Ed.2d 560 (1979). Under this standard, an appellate court reviews all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. at 320, 99 S.Ct. at 2789-90. While this court has applied the Jackson v. Virginia standard in juvenile cases, we have limited its application to challenges to the legal sufficiency of the evidence to establish the elements of the penal offense that forms the basis of the finding that the juvenile engaged in delinquent conduct or conduct indicating a need for supervision because those elements must be proven beyond a reasonable doubt. See In the Matter of A.S., 954 S.W.2d 855, 860 and n. 1 (Tex. App.El Paso 1997, no pet.). In In the Matter of A.S., we declined to apply the Jackson v. Virginia standard to review of the disposition order because the juvenile court's findings supporting the disposition order are not required to be proven beyond a reasonable doubt. In the Matter of A.S., 954 S.W.2d at 861, and n. 3. Other courts have since reached the same conclusion. See In the Matter of T.K.E., 5 S.W.3d 782, 785 (Tex.App.-San Antonio 1999, no pet.). In contrast to Section 54.03(f), which requires the State to prove beyond a reasonable doubt that the child has engaged in delinquent conduct or conduct indicating a need for supervision, Section 54.05 requires the State to establish a violation of the juvenile court's order by a preponderance of the evidence. Accordingly, we find that application of the Jackson v. Virginia standard is inappropriate when reviewing the juvenile court's disposition order or its decision to modify disposition.
Juvenile courts are vested with broad discretion in determining the suitable disposition of children found to have engaged in delinquent conduct, and this is especially true in hearings to modify disposition. See In re J.M., 25 S.W.3d 364, 367 (Tex.App.-Fort Worth 2000, no pet.); In the Matter of A.S., 954 S.W.2d at 861; In the Matter of J.L., 664 S.W.2d 119, 120 (Tex.App.-Corpus Christi 1983, no writ). Absent an abuse of discretion, we will not disturb the juvenile court's determination. A.S., 954 S.W.2d at 861. In conducting this review, we engage in a two-pronged analysis: (1) Did the trial court have sufficient information upon which to exercise its discretion; and (2) Did the trial court err in its application of discretion? In the Matter of M.A.C., 999 S.W.2d 442, 446 (Tex.App.-El Paso 1999, no pet.); see also Leibman v. Grand, 981 S.W.2d 426, 429 (Tex.App.-El Paso 1998, no pet.); Lindsey v. Lindsey, 965 S.W.2d 589, 591 (Tex.App.-El Paso 1998, no pet.). The traditional sufficiency of the evidence review, articulated below, comes into play when considering the first question. In the Matter of M.A.C., 999 S.W.2d at 446. We then proceed to determine whether, based on the elicited evidence, the trial court made a reasonable decision or whether it is arbitrary and unreasonable. Id. The question is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action, but whether the court acted without reference to any guiding rules and principles. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 242 (Tex.1985), cert. denied, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986); In the Matter of *339 M.A.C., 999 S.W.2d at 446. The mere fact that a trial judge may decide a matter within his discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred. Southwestern Bell Telephone Company v. Johnson, 389 S.W.2d 645, 648 (Tex.1965); In the Matter of M.A.C., 999 S.W.2d at 446.
In considering a "no evidence," or legal insufficiency point, we consider only the evidence that tends to support the jury's findings and disregard all evidence and inferences to the contrary. Garza v. Alviar, 395 S.W.2d 821 (Tex.1965); Lindsey, 965 S.W.2d at 591. If more than a scintilla of evidence exists to support the questioned finding, the "no evidence" point fails. Lindsey, 965 S.W.2d at 591.
A factual sufficiency point requires examination of all of the evidence in determining whether the finding in question is so against the great weight and preponderance of the evidence as to be manifestly unjust. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1951); Lindsey, 965 S.W.2d at 591. We may not pass upon the witnesses' credibility nor will we substitute our judgment for that of the jury, even if the evidence would clearly support a different result; rather, if competent evidence of probative force supports the challenged finding, we will sustain it. Maritime Overseas Corp. v. Ellis, 971 S.W.2d 402, 407 (Tex.1998); Gonzalez v. El Paso Hosp. Dist., 940 S.W.2d 793, 796-97 (Tex.App.-El Paso 1997, no pet.).

Application of Standard to the Facts
L.R. does not challenge the juvenile court's determination that he violated a reasonable and lawful order of the juvenile court.[3] Likewise, he does not attack the evidentiary sufficiency supporting the Section 54.04(i) findings. Instead, he challenges the legal and factual sufficiency supporting only one of the reasons for disposition stated in the disposition order, namely, that no community-based intermediate sanction is available to adequately address the needs of the juvenile or to adequately protect the needs of the community.[4] Even if we determined that the evidence is legally or factually insufficient to support this reason for disposition, the remaining unchallenged reasons are sufficient to support the juvenile court's determination that L.R. should be committed to TYC. Unchallenged findings of fact are binding on an appellate court. S & A Restaurant Corp. v. Leal, 883 S.W.2d 221, 225 (Tex.App.-San Antonio 1994), rev'd on other grounds, 892 S.W.2d 855 (Tex. 1995)(per curiam); Wade v. Anderson, 602 S.W.2d 347, 349 (Tex.Civ.App.-Beaumont 1980, writ ref'd n.r.e.). Finding no abuse of discretion, we overrule Issues One and Two and affirm the juvenile court's order modification order and judgment of commitment.
NOTES
[1] Subsection (j) provides: The court may modify a disposition under Subsection (f) that is based on a finding that the child engaged in delinquent conduct that violates a penal law of the grade of misdemeanor if: (1) the child has been adjudicated as having engaged in delinquent conduct violating a penal law of the grade of felony or misdemeanor on at least two previous occasions; and (2) of the previous adjudications, the conduct that was the basis for the adjudications occurred after the date of another previous adjudication. Tex.Fam.Code Ann. § 54.05(j).
[2] Tex.Code Crim.Proc.Ann. art. 42.12, §§ 21, 23 (Vernon Supp.2001).
[3] L.R.'s judicial admission that he violated the order is sufficient to support the court's finding of a probation violation. In re M.A.L., 995 S.W.2d at 324.
[4] The other reasons for disposition are: The juvenile needs to be held accountable and responsible for his delinquent behavior; the juvenile poses a risk to the safety and protection of the community if no disposition is made; the gravity of the offense requires that the juvenile be confined to a secure facility; and the prior juvenile record of the juvenile requires that he be confined in a secure facility.