COURT OF
APPEALS

                                                    EIGHTH DISTRICT
OF TEXAS

                                                               EL
PASO, TEXAS

 

                                                                              )

                                                                              )               No.  08-01-00365-CV

                                                                              )

                                                                              )                    Appeal from the

                                                                              )

IN
THE MATTER OF S.R.R., A Juvenile              )          
County Court at Law Sitting 

                                                                              )                
as a Juvenile Court

                                                                              )

                                                                              )            
of Midland County, Texas

                                                                              )

                                                                              )                      (TC# 4537)

                                                                              )

 

O
P I N I O N

 

Appellant S.R.R.,
a juvenile, appeals from the trial court=s
judgment modifying and extending his probation for delinquency.  Appellant brings one issue:  (1) the trial court abused discretion in
finding count three of the allegations in the State=s
motion to modify disposition true.  We
affirm.

SUMMARY
OF THE EVIDENCE

S.R.R. tried to burglize an elementary school in October 1999.  After the juvenile stipulated to the facts
and waived certain rights, including his right to a jury trial, the trial court
placed S.R.R. on 








in-home
probation on November 29, 1999.  In March
2000, S.R.R. carried a gun he had stolen into his elementary school, and the
judgment was modified on May 9, 2000, to require him to enter into Intensive
Supervision Program for three to six months. 
A year later, on May 8, 2001, the State brought a second motion to
modify the judgment and alleged that S.R.R. had sexually assaulted T.R., a
child less than fourteen years old, by penetrating her mouth, anus, and sexual
organ with his sexual organ.  The trial
court found that S.R.R. violated the juvenile court order by committing
aggravated sexual assault on T.R. by penetrating her mouth with his sexual
organ and also that probation outside of his home would best serve the child=s and the community=s interests.  The disposition order contains the findings
required by Section 54.04(i) of the Texas Family Code
and also the reasons for the disposition as required by Section 54.05(i).[1]

DISCUSSION








Before a juvenile
court can modify disposition to place a child on probation outside the child=s home or to commit the child to the
Texas Youth Commission, the juvenile court must state sufficient reasons,
including but not limited to those found in Section 54.04(i)
of the Family Code, to justify such a decision. 
Tex.Fam.Code Ann. ' 54.04(i); In
the Matter of L.R., 67 S.W.3d 332, 337 (Tex.App.--El
Paso 2001, no pet.).  Therefore,
on appeal, a juvenile may challenge (1) the juvenile court=s finding that he violated a term or
condition of probation, and (2) the reasons for the disposition stated in the
order pursuant to the Family Code.  Tex.Fam.Code Ann. ''
54.04(i), 54.05(i); L.R.,
67 S.W.3d at 337.

S.R.R. challenges
the factual sufficiency of the evidence to support the trial court=s finding that he violated a condition
of the probation but does not contend the evidence was legally insufficient to
find a violation of the condition of probation or that evidence was
insufficient to support the reasons behind the disposition.  








Juvenile courts
are vested with broad discretion in determining the suitable disposition of
children found to have engaged in delinquent conduct, and this is especially
true in hearings to modify disposition.  L.R.,
67 S.W.3d at 338. 
Absent an abuse of discretion, we will not disturb the juvenile court=s determination.  Id. 
In conducting this review, we engage in a two‑pronged
analysis:  (1) Did the trial court have
sufficient information upon which to exercise its discretion; and (2) did the
trial court err in its application of discretion?  Id. 
The traditional sufficiency of the evidence review, articulated below,
comes into play when considering the first question.  Id. 
We then proceed to determine whether, based on the elicited evidence,
the trial court made a reasonable decision or whether it is arbitrary and
unreasonable.  Id.  The question is not whether, in the opinion
of the reviewing court, the facts present an appropriate case for the trial
court=s action,
but whether the court acted without reference to any guiding rules and
principles.  Id.  The mere fact that a trial judge may decide a
matter within his discretionary authority in a different manner than an
appellate judge in a similar circumstance does not demonstrate that an abuse of
discretion has occurred.  L.R., 67 S.W.3d at 339.

A factual sufficiency
point requires examination of all of the evidence in determining whether the
finding in question is so against the great weight and preponderance of the
evidence as to be manifestly unjust.  Lindsey v. Lindsey, 965 S.W.2d 589, 591 (Tex.App.--El
Paso 1998, no pet.).  We may not
pass upon the witnesses=
credibility nor will we substitute our judgment for that of the jury, even if
the evidence would clearly support a different result; rather, if competent
evidence of probative force supports the challenged finding, we will sustain
it.  Gonzalez v. El
Paso Hosp. Dist., 940 S.W.2d 793, 796-97 (Tex.App.--El
Paso 1997, no writ).

A trial court may
modify any disposition, except a commitment to the Texas Youth Commission, until
the child reaches his eighteenth birthday or is discharged by the trial court
or by the operation of law.  Tex.Fam.Code Ann. ' 54.05(a).  To modify the disposition to commit a child
outside the home, the trial court must find that the child violated a
reasonable and lawful order of the court by a preponderance of the
evidence.  Tex.Fam.Code Ann. '
54.05(f), (j); L.R., 67 S.W.3d at 337-38.

A person commits
aggravated sexual offense if the person intentionally or knowingly causes the
penetration of the mouth of another child by the sexual organ of the actor and
the child is younger than fourteen years of age.  Tex.Pen.Code
Ann. ' 22.021(a)(1)(B)(ii) & (2)(B)(Vernon Supp. 2002).

S.R.R. lives with
his grandmother and has two siblings, a twin brother and a younger sister; the
sister had been friends with T.R. since they were in first grade.








In April 2000, the
third grade children at Burnett Elementary school began circulating a note,
which stated, in part, AT---
sucked one of K--->s brothers=
dick for two Pokemon cards.@  Concerned, the school=s
counselor, Sue Hardy, met with T.R.  T.R.
at first denied the allegations in the note then admitted that she had put her
mouth on a boy=s private
parts and that S.R.R.=s
sister had seen what had happened.  There
was no testimony on where the act had occurred. 

T.R. said that she
was ten years old at the time of the hearing and was also able to identify the
private parts on a girl and a boy, including the penis.  She said that she lied when she admitted to
the two different counselors that she had done various sexual deeds.  

When she and T.R.
played at their home, S.R.R.=s
sister never saw anything bad happen between T.R. and her brothers.  However, she once heard her other brother,
S.R.R.=s
twin, tell T.R. that she Acan=t get by unless you suck my private@ when they were playing in the
backyard.  T.R. was standing by the shed at
the time.  Also, she had seen S.R.R. take
T.R. into the shed once, and afterwards, when T.R. said S.R.R. had been trying
to rape her, S.R.R. told her that T.R. put her mouth on his private area for
some Pokemon cards.

S.R.R.=s
twin remembered finding his brother and T.R. together inside the shed at an
unknown time.  T.R. was wearing a dress,
and she was bending over with her underwear pulled down to her knees.  S.R.R.=s pants and underwear were down at his
knees as well, and he was standing behind her. 
S.R.R. and T.R. were not touching each other, and S.R.R. said T.R. had
pulled his pants and her underwear down. 
S.R.R. said nothing more to explain the situation to his brother.








The trial court
need have found only by a preponderance of the evidence, not by beyond a
reasonable doubt, that S.R.R. had intentionally and knowingly penetrated the
mouth of a child younger than fourteen years old with a sexual organ, a violation
of law and of a condition of the probation. 
Tex.Fam.Code Ann. '
54.05(f) & (j); Tex.Pen.Code
Ann. ' 22.021(a)(1)(B)(ii) & (2)(B). 
Since T.R. recanted her statement that S.R.R. had touched her sexually,
no direct testimony of the alleged incident exists, and we cannot know what had
actually occurred.  However, testimony
from S.R.R.=s
twin and sister overwhelmingly placed S.R.R. with T.R. in a compromising
position and location.  S.R.R. was with
T.R. at a shed at his home=s
backyard, and not only did his brother observe both children with their
underwear down by their knees and standing close together but S.R.R. also told
his sister that T.R. had  touched his
sexual organ with her mouth after his sister saw him take T.R. into the
shed.  The evidence is not so
overwhelming that the trial court could not find by the preponderance of the
evidence that S.R.R. penetrated T.R.=s mouth with his sexual organ and that
T.R. was younger than fourteen years of age at the time.  The evidence is factually sufficient to find
S.R.R. violated a condition of his probation. 
Since S.R.R. does not challenge the trial court=s
modification of the disposition to place him on probation outside his home, we
do not reach the second prong of the analysis. 
The trial court did not abuse discretion in modifying the
disposition.  We overrule S.R.R.=s
sole issue.

The judgment of
the trial court is affirmed.

 

 

 

August
15, 2002

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 1

Larsen, McClure, and Chew, JJ.

 

(Do Not Publish)











[1]
Section 54.04(i)(1) provides, in relevant part, as
follows:

 

(i)  If the court . . . commits the child to the
Texas Youth Commission, the court:

(1) 
shall include in its order its determination that:

(A) 
it is in the child=s
best interests to be placed outside the child=s
home; 

(B) 
reasonable efforts were made to prevent or eliminate the need for the
child=s removal
from the home and to make it possible for the child to return to the child=s home; and 

(C) 
the child, in the child=s
home, cannot be provided the quality of care and level of support and
supervision that the child needs to meet the conditions of probation . . . .

 

Tex.Fam.Code Ann. '
54.04(i)(1)(Vernon Supp.
2002).

 

Section 54.05(i) provides:

 

The court shall specifically state in
the order its reasons for modifing the disposition
and shall furnish a copy of the order to the child.  

 

Tex.Fam.Code Ann. '
54.04(i)(Vernon Supp. 2002).