NUMBER 13-02-139-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI
-EDINBURG


 


IN THE MATTER OF J.M., III

 


On appeal from the 92nd District Court 


of Hidalgo County, Texas.


 


OPINION



Before Chief Justice Valdez and Justices Rodriguez and Dorsey (1)



Opinion by Chief Justice Valdez




 Appellant, J.M., III, appeals from the juvenile court's modified order of disposition
committing him to the Texas Youth Commission. Through four issues appellant argues:
(1) the evidence presented was legally insufficient to support the trial court's findings that
he violated the terms of his probation; (2) the evidence was also factually insufficient; (3)
the trial court erred in allowing a witness to testify; and (4) appellant received ineffective
assistance of counsel. Because we conclude the evidence presented was legally
insufficient to support the trial court's findings, we need not address appellant's remaining
contentions. See Tex. R. App. P. 47.1. We reverse and render judgment in appellant's
favor.

I. FACTS AND PROCEDURAL HISTORY

 In September 2000, the court entered a judgment of adjudication and disposition in
cause number J-323-00-A, finding appellant had engaged in delinquent conduct. Appellant
was placed on probation in his father's custody until his eighteenth birthday subject to
numerous conditions. 

 On December 4, 2000, appellant was again found to have engaged in delinquent
conduct under cause number J-491-00-A. The court placed appellant on probation in that
case.

 On June 25, 2001, the court modified the dispositions in both cases, imposing
probation in each to be served concurrently. The orders also imposed identical conditions
of probation in the two cases. Relevant to this appeal are conditions number one and
number thirteen.

 Condition number one required appellant to:

 1. Remain and stay in the custody of Bokenkamp Children's Treatment
Center . . . during the said probationary period, or until further orders of the
court.


 Upon successful completion of program, the custody be given back
to his parent(s) . . . .


 


 Upon unsuccessful termination from program, the custody be given
back to the Hidalgo County Juvenile Probation Department, Edinburg,
Texas. 


Condition number thirteen required appellant to pay restitution in the amount of $456.99,
payable in monthly installments of $38.08 beginning in July 2001.

 On August 23, 2001, the State filed a motion in each case to modify the disposition. 
In the motions, the State contended appellant violated condition number one by being
"wilfully[,] unsuccessfully discharged" from Bokenkamp. The State later amended its
motions to include an allegation that appellant violated condition number thirteen by failing
to make the first two scheduled payments.

 On October 1, 2001, the court held a hearing on both motions. During the
adjudication phase of the hearing, Alma Nely Ozuna, appellant's probation officer, testified
that appellant was unsuccessfully terminated from Bokenkamp on August 9. Ozuna said
he did not run away from Bokenkamp. Rather, he was transported by the Probation
Department from Bokenkamp to the Juvenile Detention Center. 

 Ozuna also testified appellant did not make any restitution payments. She stated
appellant was thirteen at the time and not able to legally work. She also stated that neither
Bokenkamp nor the Juvenile Detention Center had any programs that would have allowed
appellant to earn credit toward the payment of the monetary restitution. She said
appellant's father was not consistent in providing support for appellant, and his mother was
both ill and unemployed. As far as she was aware, appellant had no funds with which to
make the restitution payments.

 At the conclusion of the adjudication phase, the court found appellant violated
condition number one. The court also found appellant wilfully failed to make the first two
scheduled restitution payments in violation of condition number thirteen. After hearing
additional evidence during the disposition phase of the hearing, the court stated probation
and at-home placement were unsatisfactory and entered an order in each case modifying
the disposition and placing appellant in the care, custody, and control of the Texas Youth
Commission.

 This appeal arises from the judgment entered in cause number J-323-00-A. The
judgment entered in cause number J-491-00-A is the subject of a separate, but identical,
appeal. (2)

II. ANALYSIS

 In his first issue, appellant challenges the legal sufficiency of the evidence
presented. He attacks the juvenile court's determination that he failed to remain in the
custody of Bokenkamp and wilfully failed to pay restitution. 

A. Standard of Review

 We review a trial court's modification of a juvenile disposition for abuse of discretion. 
In re J.G., 112 S.W.3d 256, 259 (Tex. App.-Corpus Christi 2003, no pet.); In re H.G., 993
S.W.2d 211, 213 (Tex. App.-San Antonio 1999, no pet.); In re J.L., 664 S.W.2d 119, 120
(Tex. App.-Corpus Christi 1983, no writ). In this type of review, we conduct a two-pronged
analysis: (1) did the trial court have sufficient evidence on which to exercise its discretion;
and (2) did the trial court err in applying its discretion. In re L.R., 67 S.W.3d 332, 338 (Tex.
App.-El Paso 2001, no pet.).

 In considering the first prong, we turn to the standards employed in determining the
sufficiency of the evidence. Id. When a juvenile challenges the legal sufficiency of the
evidence, we consider only the evidence and inferences that tend to support the
challenged finding, and disregard any and all evidence and inferences to the contrary. In
re H.G., 993 S.W.2d at 213. If more than a scintilla of evidence exists to support the
finding, the challenge fails. In re L.R., 67 S.W.3d at 338. In evaluating the second prong,
that is, whether the trial court erred in its application of discretion, we consider whether the
trial court acted arbitrarily or unreasonably, or without reference to guiding rules or
principles. Id. B. Modification of the Disposition

 A juvenile court may modify its prior disposition and order that the juvenile be
committed to the Texas Youth Commission if the court finds by a preponderance of the
evidence "that the child violated a reasonable and lawful order of the court." Tex. Fam.
Code Ann. § 54.05(f) (Vernon 2002). 

1. Condition Number One

 Appellant first attacks the order modifying the disposition by claiming there is no
evidence showing he violated condition one. Condition number one required appellant to
"remain and stay" at Bokenkamp. 

 The State provided no evidence that appellant voluntarily violated condition number
one. Ozuna testified appellant did not run away from the facility. Rather, according to
Ozuna's testimony, law enforcement authorities transported appellant from Bokenkamp to
another location after appellant was unsuccessfully terminated from the program. 

 The State contends that because appellant was unsuccessfully terminated from the
program, he violated subpart (b) of condition one, which states appellant will be returned
to the custody of the Juvenile Probation Department upon unsuccessful termination from
the program. The State's argument fails because the only condition imposed by number
one is that appellant "remain and stay" at Bokenkamp. Subpart (b) is not worded in such
a manner as to make successful completion a condition of probation. Rather, the subpart
merely explains the result of unsuccessful termination from the program. 

 We note that condition number twenty-one required appellant to comply with
Bokenkamp's rules and regulations. Had the State wanted to pursue modification of the
disposition based on appellant's unsuccessful termination from the program, condition
number twenty-one would have been the more appropriate vehicle to accomplish that goal.
However, the State did not allege or prove, and the trial court did not find, appellant
violated condition number twenty-one. 

 We conclude the State provided no evidence supporting the trial court's finding that
appellant violated condition number one. Thus, the trial court did not have sufficient
evidence on which to exercise its discretion. See In re L.R., 67 S.W.3d at 338. 

2. Condition Number Thirteen

 Appellant also contends the evidence was insufficient to support the trial court's
finding that he wilfully failed to make restitution payments in violation of condition number
thirteen. Appellant does not dispute the evidence showed he missed payments as required
by the condition. However, he contends the evidence also affirmatively established his
inability to pay and the State did not prove his failure to pay was intentional.

 We have previously addressed the issue of revocation of juvenile probation for
failure to pay court-ordered restitution in In re M.H., 662 S.W.2d 764, 768 (Tex.
App.-Corpus Christi 1983, no writ). In that case, we held the inability of a juvenile to pay
restitution was an affirmative defense to the revocation of probation and the burden of
proof was on the juvenile. Id. In reaching this conclusion, we relied on the code of criminal
procedure regarding the revocation of probation in adult proceedings for failure to pay
restitution. Id. (citing Tex. Code Crim. Proc. Ann. art. 42.12 § 8(c) (Vernon Supp. 1982)).

 Since our decision in In re M.H., the court of criminal appeals has held that under
the code of criminal procedure, even though the inability to pay is an affirmative defense,
the State still has the burden of proving the failure to pay restitution was intentional. 
Stanfield v. State, 718 S.W.2d 734, 737-38 (Tex. Crim. App. 1986). Failure to raise the
defense merely allows the State to meet its burden without difficulty. Id. at 738. This is so
because nonpayment by a person with the ability to pay gives rise to a strong inference
that failure to pay was intentional. Id. We use the analysis in Stanfield as guidance in this
case. 

 The State had the initial burden of proving appellant failed to make the required
restitution payments. Through the testimony of Ozuna, the State met its burden. 

 However, appellant raised his inability to pay through the cross-examination of
Ozuna. She testified appellant was not old enough to work. She also stated that he was
either at Bokenkamp or the Juvenile Detention Center during the time the missed
payments were due. Neither Bokenkamp nor the Juvenile Detention Center had a program
giving appellant the opportunity to earn credit toward the payment of restitution. Ozuna
also believed appellant had no access to funds and received only inconsistent support from
his father. His mother was ill and unemployed. 

 The State did not provide any evidence contradicting Ozuna's testimony about
appellant's inability to pay or showing that his failure to pay was intentional. The trial court
did not have legally sufficient evidence on which to exercise its discretion. See In re L.R.,
67 S.W.3d at 338. 

III. CONCLUSION

 The evidence supporting the findings that appellant violated conditions one and
thirteen of his probation was legally insufficient. Therefore, the trial court abused its
discretion in modifying the disposition. We sustain appellant's first issue and reverse the
trial court's July 25, 2001 order. We render judgment denying the State's motion to modify
the disposition. 

 

 ROGELIO VALDEZ

 Chief Justice


Retired Justice Dorsey not participating.


Opinion delivered and filed

this 23rd day of October, 2003.
1. Retired Justice J. Bonner Dorsey, who had been assigned to this Court by the Supreme Court of
Texas pursuant to section 74. 003 of the government code, and whose assignment expired on August 31,
2003, did not participate in this decidion. See TEX. GOV'T ANN. § 74.003 (Vernon 1998 ).
2. See In re J.M., III, No. 13-02-00140-CV, 2003 Tex. App. LEXIS __ (Corpus Christi ______, 2003,
no pet. h.).