Opinion issued December 15, 2005




     











In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00622-CV




IN THE MATTER OF A.G.L., Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 314th District Court
Harris County, Texas
Trial Court Cause No. 0306310J




MEMORANDUM OPINION
          Appellant, a juvenile, appeals the trial court’s modified order of disposition
committing him to the Texas Youth Commission. In two points of error, appellant
contends that the evidence was legally and factually insufficient to support the trial
court’s modified order of disposition. We affirm.
BACKGROUND
         Appellant was placed on probation on August 25, 2003, for committing the
offense of engaging in organized criminal activity. The probation was conditioned,
among other things, on appellant: (1) not violating the laws of Texas or the United
States, (2) paying restitution in the amount of $108.35, and (3) completing 20 hours
of community service. 
          On the evening of December 26, 2003, appellant went to the home of Jesse
Smith and engaged her in a conversation under the auspices of selling candy to raise
money for his high school. During this conversation, Smith heard her garage door
opening, and she stepped outside her door to see someone stealing her vehicle out of
her garage. Smith later testified that, in her opinion, appellant had engaged her in the
conversation to divert her attention so that his friend, later identified by appellant as
Pascual Rodarte, could break into her house, take her keys, and steal her car.
Meanwhile, Smith’s neighbor, Paul Fernandez, recognized a suspicious car outside
Smith’s house, and he recorded the license plate number. 
          Smith reported the theft to the police, and Houston Police Officer E. Monreal
responded to the call. Monreal spoke with Smith about the incident and Fernandez
informed Monreal of the license plate number he had recorded. The suspicious
vehicle belonged to Erika Lopez, who had loaned the vehicle to Pascual Rodarte on
the day of the incident. Lopez often loaned her car to Rodarte or appellant. 
Appellant was questioned by police and admitted that he went to Smith’s front door
while Rodarte went around the back of the house. Subsequently, Smith identified
appellant from a photo lineup as the person who tried to sell her candy while her car
was being stolen from her garage. The police arrested appellant and charged him
with theft. See TEX. PEN. CODE ANN. § 31.03 (Vernon 2003).
          On February 9, 2004, the State filed a motion to modify the disposition of
appellant’s first offense (organized criminal activity). The State alleged that appellant
violated his probation by (1) violating Texas law; (2) not completing the court
ordered amount of community service; and (3) not paying the court ordered
restitution. On April 1, 2004, the trial court conducted a hearing on the State’s
motion to modify disposition and held that appellant violated his probation and
should be remanded to the Texas Youth Commission. This appeal followed.
DISCUSSION
          In two points of error, appellant contends that the evidence was legally and
factually insufficient to warrant a finding that he violated the conditions of his
probation. Specifically, appellant argues that the evidence was insufficient to find
that he violated the laws of Texas, failed to perform the mandated community service,
and failed to pay the court ordered restitution. Because we hold that the evidence is
legally and factually sufficient to show by a preponderance of the evidence that
appellant violated the laws of the State of Texas, we need not address the other two
alleged violations. See In re S.H., 846 S.W.2d 103,106 (Tex. App.—Corpus Christi
1992, no writ) (holding that because appellant did not challenge one of the trial
court’s dispositive findings, the order revoking probation must be affirmed regardless
of the merits of the challenged claim).
          A trial court may modify its original or a prior disposition if it finds by a
preponderance of the evidence that a child violated a reasonable and lawful order of
the court. Tex. Fam. Code Ann. § 54.05(f) (Vernon Supp. 2004-2005). Juvenile
courts are vested with broad discretion in determining the suitable disposition of
children found to have engaged in delinquent conduct, and this is especially true in
the hearings to modify disposition. In re J.M., 25 S.W.3d 364, 367 (Tex. App.—Fort
Worth 2000, no pet.). Absent an abuse of discretion, we will not disturb the juvenile
court’s ruling. In re A.S., 954 S.W.2d 855, 861 (Tex. App.—El Paso 1997, no pet.). 
          In conducting this review, we use a two pronged analysis: (1) did the trial court
have sufficient information upon which to exercise its discretion, and (2) did the trial
court err in its application of that discretion? In re M.A.C., 999 S.W.2d 442,446 (Tex.
App.—El Paso 1999, no pet). The traditional sufficiency of the evidence review
comes into play when considering the first question. Id.
Legal Sufficiency 
          In his first point of error, appellant contends that the evidence was legally
insufficient to support the trial court’s determination that he violated his probation
by committing a new offense. Specifically, appellant contends the evidence is legally
insufficient to show that he was guilty, as a party, of the theft of Smith’s car.


 When
a juvenile challenges the legal sufficiency of the evidence, we consider only the
evidence that tends to support the trial court’s findings and disregard all evidence and
inferences to the contrary. In re L.R., 67 S.W.3d 332, 338-39 (Tex. App.—El Paso
2001, no pet.); In re H.G., 993 S.W.2d 211, 213 (Tex. App.—San Antonio 1999, no
pet.). If more than a scintilla of evidence exists to support the questioned finding, the
legal sufficiency challenge must be overruled. In re L.R., 67 S.W.3d at 339. 
          In this case, the evidence supporting the trial court’s ruling that appellant was
a party to the theft of Smith’s car was largely circumstantial, but still quite strong. 
The evidence reveals that Lopez loaned Rodarte her car on the day of the incident and
that same car was later identified at Smith’s house at the time the incident took place. 
Lopez often loaned her car to Rodarte and appellant. Furthermore, appellant admitted
that he went to Smith’s house and engaged her in a conversation while Rodarte went
around the back of the house. Smith testified at trial that, in her opinion, appellant
engaged her in the conversation to distract her while Rodarte went around back to
steal the car. Smith positively identified appellant at trial, and in a photo lineup, as
the boy who had come to her house pretending to sell candy on the day of the
incident. Smith’s vehicle was eventually recovered from the home of Erika Lopez,
the woman who had loaned her car to Rodarte.
          Appellant contends that there is no direct evidence linking him to the crime of
theft under the law of parties. Appellant specifically argues that the trial court found
him in violation of the law solely based on: (1) his presence at the scene of the
incident and; (2) Smith’s speculative testimony as to why appellant was at her house. 
Appellant is correct in asserting that there is little direct evidence supporting the trial
court’s finding; however, it is well settled in Texas that circumstantial evidence alone
may be used to prove that one is a party to an offense. Cordova v. State, 698 S.W.2d
107, 111 (Tex. Crim. App. 1985); In re L.A.S., 135 S.W.3d 909, 915 (Tex.
App.—Fort Worth 2004, no pet.). In determining whether one is a party to an
offense, it is proper to look to events occurring before, during and after the
commission of the offense. Cordova, 698 S.W.2d at 111. Additionally, while mere
presence at the scene of a crime is not enough by itself to prove a person’s guilt, it is
a circumstance tending to prove guilt, which, when combined with other facts, may
be used to establish that a person was a party to an offense. In re L.A.S., 135 S.W.3d
at 915; Beardsley v. State, 738 S.W.2d 681, 685 (Tex. Crim. App. 1987). 
          In this case, appellant and Rodarte were loaned the same car that was identified
by Fernandez at the scene of the incident. Appellant was present at the scene of the
incident and later admitted that he talked to Smith while Rodarte went around the
back of the house at the time Smith’s car was stolen. Appellant had no candy with
him at the time. Smith’s car was recovered from the home of the woman who had
loaned her car to Rodarte. Given these facts, there was more than a scintilla of
evidence establishing that appellant was a party to the theft of Smith’s car. 
Accordingly, we overrule appellant’s first point of error.
Factual Sufficiency
          In his second point of error, appellant contends that the evidence was factually
insufficient to support the trial court’s finding that he violated his probation by
violating Texas law. A factual sufficiency review in a juvenile case requires a neutral
examination of all of the evidence to determine whether the finding in question is so
against the great weight and preponderance of the evidence as to be manifestly unjust. 
In re L.R., 79 S.W.3d at 339. We may not pass upon the credibility of the witnesses
nor will we substitute our judgment for that of the trial court, even if the evidence
would clearly support a different result; rather, if competent evidence of probative
force supports the challenged finding, we will sustain it. Id.
          Appellant specifically contends that there is no evidence to support the finding
that he violated Texas law by being a party to the theft of Smith’s car. Appellant
argues that the record provides a non-criminal reason for his being present at Smith’s
house, and because the State failed to disprove this stated reason for his presence, it
failed to meet its burden. Appellant also argues that the State offered no evidence of
his nefarious intent other than Smith’s speculative testimony as to why she thought
appellant was at her house. 
          Appellant’s argument boils down to the proposition that his presence at the
scene of the incident could give rise to a number of inferences, and the State did not
produce any evidence to corroborate the trial court’s finding that appellant was
present at the scene as a party to the theft of Smith’s car. We disagree. Appellant
admitted that he went to Smith’s house with Rodarte. Appellant further admitted that,
as he was talking to Smith, Rodarte went around the back of the house. Smith
testified that as she was talking to appellant, she saw her car being stolen out of her
garage, and that, in her opinion, appellant had engaged her in the conversation to
distract her from the ensuing theft. Given this evidence, we hold that the finding in
question was not so against the great weight and preponderance of the evidence as to
be manifestly unjust. See id. at 705. Accordingly, we overrule appellant’s second
point of error.
CONCLUSION
          Because the trial court had sufficient evidence upon which to exercise its
discretion, and the record shows no abuse of that discretion, we affirm the judgment
of the trial court.
 
 

                                                             Sherry Radack
                                                             Chief Justice
 
Panel consists of Chief Justice Radack and Justices Alcala and Bland.