Opinion issued May 14, 2009

 






In The

Court of Appeals

For The

First District of Texas






NO. 01-08-00556-CV






A.J. STOLL, JR. AND CAROLYN STOLL, Appellants


V.


TOM LEWIS AND ANITA LEWIS, Appellees






On Appeal from the 359th District Court

Montgomery County, Texas

Trial Court Cause No. 06-12-12131-CV






MEMORANDUM OPINION


 This appeal concerns a four-acre tract of real property conveyed by appellees,
Tom Lewis and Anita Lewis, to appellants, A.J. Stoll, Jr., and Carolyn Stoll. Trial
was to the court, which filed findings of fact and conclusions of law in support of the
final judgment rendered in favor of the Lewises. In four issues, the Stolls contend (1)
that the evidence is legally insufficient to establish that they agreed to any deed
restrictions on the property; or (2), in the alternative, that the evidence
overwhelmingly demonstrates that they did not agree to purchase the property subject
to deed restrictions; (3) that the trial court erred by admitting the Lewises' copy of the
contract for sale of the property over the Stolls' objection; and (4) that the trial court
erred by finding that a mutual mistake resulted in a failure to record the deed with the
three pages of deed restrictions as attachments incorporated into the deed. Having
determined that other, unchallenged grounds may support the trial court's judgment,
we affirm.

Factual and Procedural Background


 The parties agree that they entered into a sales contract by which the Stolls
would purchase four acres out of the Lewises' 45-acre-homestead tract of real
property located in Montgomery County. They also agree that the warranty deed
effecting the transfer to the Stolls was recorded without deed restrictions, though the
deed refers to the restrictions as "attached" and incorporated into the deed. The
disagreement that prompted this lawsuit concerns whether the parties' original
contract incorporated any deed restrictions and whether the trial court erred by
determining that failure to attach the restrictions to the recorded deed resulted from
mistake. 

 The single-page contract (1) for sale of the property was a form with blank spaces
provided for pertinent terms. As completed, the contract recites a $2,500 deposit
toward a $70,000 purchase price, with the balance due at closing, for property
described as "4 acres on Austin McComb Rd," with the Stolls identified as buyers and
the Lewises as sellers. 

 The sales contract also provides for seven paragraphs of conditions, though not
all applied to this transaction. Paragraph 4 states that the property was "to be sold
free and clear of all encumbrances, by good and marketable title, with full possession
to said property available to Buyer at date of closing." Zeroes were inserted in blanks
in the form for mortgage contingency, inspection and pest report, and agent's
commission. Closing was to be in 2003, but without any further date specified. 
Paragraph 7, however, provided space for any additional conditions, as "other terms." 
This paragraph contains the following, additional condition: "One single family
residence of 2500 sq. ft. minimum living area and matching 3 rail wood fence
enclosing above 4 acres." 

 The deed restrictions that formed the basis of the parties' lawsuit also require
a single dwelling unit for residential use, of the same minimum square footage of
living area, but further provide that any additional structures on the property, whether
garages, workshops, or barns, may not be used as residences. The deed signed by the
parties refers to these deed restrictions, and at least one copy of the deed had an
attached copy of the restrictions, but the recorded copy of the deed had no attachment. 
 This lawsuit came about after the Stolls took possession of the property. The
Lewises claimed that the Stolls constructed two buildings on the property, rather than
one, and that the Stolls appeared to be conducting business or manufacturing on the
property, had installed cranes on the property, and had "three phase electrical power." 
When confronted by the Lewises, the Stolls claimed they had unrestricted use of the
property. When the Lewises learned that the recorded deed omitted any attachment
for the deed restrictions, they sued the Stolls to enforce the restrictions and also
sought declaratory relief. The Lewises also sued First American Title Insurance
Company, which settled with the Lewises before trial. 

 A three-day trial resulted in a take-nothing judgment and attorney's fees in
favor of the Lewises. The judgment reformed the original deed to reflect the parties'
intent that the deed restrictions be attached and incorporated into the deed by ordering
that the court's judgment be recorded "as evidence of the reformation" and as
evidence that the deed included the deed restrictions as "a material term." The trial
court declared the property subject to and burdened by the restrictions, which the
court deemed "valid and enforceable," and declared that the "large, metal building"
on the Stolls' property was "not a dwelling unit to be used for residential purposes." 
The judgment also enjoined the Stolls from proceeding any further with installing,
constructing, or adding to the large, metal building and authorized an injunction to
that effect, in addition to an injunction requiring that certain structures,
improvements, and any cranes installed and located on the property be removed. The
trial court's findings of fact and conclusions of law in support of its judgment consist
of 28 fact findings and nine legal conclusions. 

Unchallenged Findings Preclude Review and Compel Affirmance


 The Stolls narrow their contentions on appeal to the deed restrictions--whether
they are binding on the Stolls, whether the sales contract incorporated the deed
restrictions, and whether failure to attach the restrictions to the recorded deed was the
result of a mutual mistake. The trial court's judgment and supporting findings are
broader, however, and encompass requisites under the sales contract that do not
depend on or relate to the deed restrictions. 

 In the following fact findings, the trial court found that 

 12. The Stolls' large metal building or fabricating shop is not a dwelling
unit;


 13. The structure constructed, or caused to be constructed does not contain
a minimum of 2,500 square feet of living area;


 14. The Stolls have not constructed a dwelling unit on the subject property;


 15. The Stolls intend to use the large metal building or fabricating shop for
commercial or manufacturing purposes;


 16. The Stolls have previously used the property for commercial or
manufacturing purposes;


 19. The [s]tructure erected is not a dwelling unit. 


The Stolls do not challenge these findings, which refer to and relate to the undisputed
condition added to paragraph 7 of the parties' sales contract. This additional
condition restricted construction on the four-acre property to "[o]ne single family
residence of 2500 sq. ft. minimum living area." If correct, the trial court's
unchallenged findings 12 through 16 and 19 support the trial court's judgment,
though they depend solely on the sales contract, without reference to the deed
restrictions. But, the Stolls have not asked that we determine whether findings 12
through 16 and 19 are correct. Accordingly, we may not address them. And because
we may not address them, we must affirm the trial court's judgment, as we explain
below. 

A. Absent Fundamental Error, We May Not Reverse Unassigned Error 

 This case is before us on appeal from a bench trial after which the trial court
filed extensive findings of fact and conclusions of law at the Stolls' request. The
record includes the full reporter's record of the trial. Appellants' arguments include 
challenges to the legal and factual sufficiency of certain of the trial court's findings. 
In an appeal from a judgment after a bench trial when the record includes a complete
reporter's record, we may ordinarily review the trial court's findings of fact under the
same standards we apply to address the sufficiency of the evidence to support a jury's
answer. See Ortiz v. Jones, 917 S.W.2d 770, 772 (Tex. 1996); Brown v. Brown, 236
S.W.3d 343, 348 (Tex. App.--Houston [1st Dist.] 2007, no pet.). 

 Well-settled practice, however, requires that appellate review in Texas proceed
by analysis of issues presented or points of error. See Tex. R. App. P. 38.1(f). Except
in cases of fundamental error, neither claimed or at issue here, we may not reverse a
lower court's judgment without an assignment of error, whether by issues or points. 
See Walling v. Metcalfe, 863 S.W.2d 56, 58 (Tex. 1993); see generally 6 Roy W.
McDonald & Elaine Grafton Carlson, Texas Civil Practice § 38:3-4, 1025-26 (2d ed.
1998). Because addressing unchallenged grounds violates the assignment-of-error
requirement, we are prohibited from altering even an erroneous judgment in a civil
case without a challenge to the error on appeal. See Walling, 863 S.W.2d at 58. 
Therefore, an appealing party must generally attack all independent bases that fully
support the judgment or ruling challenged on appeal. Britton v. Tex. Dep't of
Criminal Justice, 95 S.W.3d 676, 681 (Tex. App.--Houston [1st Dist.] 2002, no pet.). 
 The Stolls have not challenged all independent bases that fully support the trial
court's judgment and have challenged only the bases that pertain to the deed
restrictions. They have not challenged the bases that relate to the undisputed
condition in the sales contract, which restricts building on the four-acre lot to "[o]ne
single family residence of 2500 sq. ft. minimum living area." (2) 

B. Unchallenged Findings Compel That We Affirm

 As applied to this appeal from a bench trial in which the trial court has filed
findings of facts and conclusions of law, the requirement to challenge error on appeal
compels that an unchallenged finding of fact is binding on an appellate court unless
(1) the contrary finding is established as a matter of law, or (2) no evidence supports
the finding. See McGalliard v. Kuhlmann, 722 S.W.2d 694, 696 (Tex. 1986) (stating
rule); see also Republic Underwriters Ins. Co. v. Mex-Tex, Inc., 150 S.W.3d 423,
426-27 (Tex. 2004) ("We must, of course, accept this finding if there is any evidence
to support it," though concluding, on applying rule, that evidence relied on did not
support trial-court finding); Britton, 95 S.W.3d at 681-82 (holding that appellant's
failure to challenge alternate ground supporting order sustaining plea to jurisdiction
required court of appeals to affirm) (citing In the Matter of L.R., 67 S.W.3d 332, 339
(Tex. App.--El Paso 2001, no pet.)). 

 It is undisputed that paragraph 7 of the parties' sales contract required that only
"[o]ne single family residence of 2500 sq. ft. minimum living area" be built on the
four-acre lot transferred. Given this condition, we cannot say that the trial court's
findings 12 through 16 and 19 lack any evidence to support them or that the record
establishes findings that contradict the trial court's unchallenged findings as a matter
of law. See McGalliard, 722 S.W.2d at 696. 

Conclusion


 Because the trial court's unchallenged findings support its judgment, we must
affirm the trial court's judgment without considering the Stolls' issues. Accordingly,
we affirm the judgment of the trial court.



 Sherry Radack

 Chief Justice


Panel consists of Chief Justice Radack and Justices Alcala and Hanks.
1. The form contract is actually an offer to purchase the property, but the parties
considered and have treated the document as a contract for sale.
2. The use of the single "residence" reflects a restriction to a single residence as a matter
of law, just as the use of the plural "residences" shows an intent to permit more than
a single residence. Crispin v. Paragon Homes, Inc., 888 S.W.2d 78, 81 (Tex.
App.--Houston [1st Dist.] 1994, writ denied) (citing MacDonald v. Painter, 441
S.W.2d 179, 183 (Tex. 1969) (stating same)).