COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |
|---|---|
| § | No. 08-08-00338-CV |
| § | |
| IN THE MATTER OF: § | Appeal from |
| § | |
| E.E., A JUVENILE. § | 65th District Court |
| § | |
| § | of El Paso County, Texas |
| § | |
| § | (TC # 04,01425) |
| § | |

## **O P I N I O N**

The State of Texas, represented by the Office of the County Attorney, appeals the early termination of the juvenile's determinate sentence probationary period. For the reasons that follow, we affirm the decision of the trial court.

### **FACTUAL BACKGROUND**

On July 11, 2008, the 65th District Court held a stipulation and sentencing hearing. E.E., accompanied by counsel, stipulated to having committed an aggravated assault with a deadly weapon. The juvenile indicated that he was entering the plea voluntarily and giving up his right to a jury trial. The State agreed to a six year probationary period rather than confinement at the Texas Youth Commission with a subsequent transfer to the adult system. The court followed the recommendation of the State, imposed a suspended sentence of six years, and placed E.E. on community supervision.

The court then set a review hearing for December 2, 2008, a week prior to the juvenile's 18th birthday. Juvenile Probation Officer Marcela Carrillo testified that during the six month period of supervision, E.E. had performed extremely well, despite his arrest in October for shoplifting. When

asked whether she would object if the court on its own motion discharged E.E. from probation, she replied, "Not with myself." Nor did she believe that the court should place the juvenile on adult probation. In her expert opinion, the juvenile had matured and learned his lesson.

Although defense counsel asked to make a brief argument on the issue of termination, the court wished to hear from the juvenile instead. When asked why his probation should be terminated, E.E. responded that he's "been good," has learned his lesson, is trying to fix up his life, is doing well in school, is trying to finish school, and wants to get his degree as a radiologist. The assistant county attorney objected to termination, emphasizing that E.E. had picked up an additional charge within the six month period. He recommended that the court hold off on the termination.

The trial judge then ruled from the bench. Addressing the juvenile directly, he remarked that the adult probation division did not provide as many services as the juvenile probation department. If it did, he would place E.E. on probation in the adult system. While expressing his opinion that he did not believe E.E. would remain out of the system in the future, the judge nevertheless terminated probation.

## TERMINATION OF PROBATION

The State argues that the trial court failed to follow the proper procedure in the Texas Family Code in determining whether to transfer E.E. to the Adult Probation System. It also contends that the trial court's decision is at odds with the evidence presented.

*Standard of Review*

Juvenile courts are vested with broad discretion in determining the suitable disposition of children found to have engaged in delinquent conduct. *In re C.J.H.*, 79 S.W.3d 698, 702 (Tex.App.--Fort Worth 2002, no pet., *citing In re T.K.E.*, 5 S.W.3d 782, 784 (Tex.App.--San Antonio 1999, no pet.); *In re L.R.*, 67 S.W.3d 332, 338 (Tex.App.--El Paso 2001, no pet.). This is especially true in hearings to modify disposition. *In re L.R.*, 67 S.W.3d at 338. An abuse of discretion does not occur as long as some evidence of substantive and procedural character exists to support the trial court's decision. *In re C.J.H.*, 79 S.W.3d at 702. Absent an abuse of discretion, we will not disturb the juvenile court's determination. *In re L.R.*, 67 S.W.3d at 338.

In conducting this review, we engage in a two-pronged analysis: (1) did the trial court have sufficient information upon which to exercise its discretion; and (2) did the trial court err in its application of discretion. *Id.* The traditional sufficiency of the evidence review is used in answering the first question. *Id.*, *citing In re M.A.C.*, 999 S.W.2d 442, 446 (Tex.App.--El Paso 1999, no pet.). The appellate review then continues to determine whether the trial court made a reasonable decision or whether it is arbitrary and unreasonable. *Id.* The question is not whether the facts presented an appropriate case for the trial court's action in the opinion of the appellate court, but whether the trial court acted without reference to any guiding rules and principles. *Id.*

*Transfer of Determinate Sentence Probation and Notice*

On appeal, the State argues that the Legislature has laid out clear procedures governing the transfer of a juvenile placed on an extended period of probation in a determinate sentencing case and contends it was not given adequate notice that the review hearing would encompass the transfer issue. But this argument has been waived because there was no objection lodged below. As a prerequisite to presenting a complaint for appellate review, a complaint must be made in the trial

court by a timely request or objection. TEX.R.APP.P. 33.1(a). This rule ensures that trial courts are provided the opportunity to correct their own mistakes before a case need be appealed. *Vidaurri v. State*, 49 S.W.3d 880, 886 (Tex.Crim.App. 2001).

At the hearing the court asked the assistant county attorney to address the issue:

THE COURT:  What do you think, Mr. Herrera?

MR. HERRERA:  There's one phrase that rings in my ear:  What is past is prolog. There were four referrals prior to this referral, Judge.  This particular adjudication was a violent crime which is why my office decided to seek a determinant sentence for six years and that was the agreement.  Had there been no arrest in October of 2008, had there been no more arrest, I don't think the State would have much to say.

But again, this pattern of behavior seems to pop up, perhaps even perception of most as a minor matter, a shoplifting.  But having gone through the system four times before this one, still not realizing that in order to receive benefits from the Court or a favorable treatment by the Court, that should have been foremost in this young man's mind.  With other responsibilities, with all the hopeful outcome that is ejected, with the good behavior that is shown, we had another relapse.

It may be too early, at least from the State's prospective to release him, especially when he is so close to his date of maturity.  My suggestion and my request to the court is to hold off a little bit longer and see if his good behavior continues.

Because the State did not object to any procedural defect or any lack of notice, this issue has not been preserved for review.  TEX.R.APP.P. 33.1.

*Evidence to Support Termination*

The State next complains that the trial court disregarded the juvenile's continuing need for rehabilitation, emphasizing that E.E. committed an additional offense while he was on probation. It also challenges the trial court's perception that adult probation services offer less than the juvenile probation department.  If the court truly believed that E.E. would not remain out of the adult system in the future, argues the State, then early termination is not supported by the evidence.

We have reviewed the evidence and perceive no abuse of discretion.  The trial court relied

on the positive testimony of the probation officer and the testimony of the juvenile himself in

reaching its decision to terminate probation.  Indeed, he concluded by saying:

> I value the opinion of your probation officer and I don't think we need to place you
> on probation in the adult system.  . . .  I've got this feeling about you that you're
> going to do okay.

Because the trial court did not act without reference to any guiding rules and principles, we overrule

the sole issue for review and affirm the decision of the trial court.


May 19, 2010

ANN CRAWFORD McCLURE, Justice

Before McClure, J., Rivera, J., and Guaderrama, Judge
Guaderrama, Judge, sitting by assignment